UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 00-00201-SJO | Date | January 23, 2008 |
|---|---|---|---|

| Present: The Honorable | S. James Otero |
|---|---|
| Interpreter | none |

| U.S.A. v. Cenobio Herrera Lanz: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Cenobio Herrera Lanz | Not | xx | | Pro Se | Not | | |

**Proceedings:** ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF TERRITORIAL JURISDICTION

Before the Court is Defendant's Motion to Dismiss for Lack of Territorial Jurisdiction, filed December 11, 2007. Upon review, the Court finds that the Motion lacks merit. Accordingly, it is DENIED.

Defendant's Motion states that the Court lacks "jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place." (Mot. 1.) "It is well settled that federal courts have jurisdiction over the violation of federal criminal laws which occur within the territorial boundaries of the court." *United States v. Wiggins*, No. 93-30025, 2007 WL 101805, at *1 (S.D. Ill. Jan. 11, 2007) (citing 18 U.S.C. § 3231). It is furthermore settled that the United States is a sovereign government, and that "[u]nder the dual sovereignty doctrine the federal government may prosecute and punish matters in violation of federal law, even if jurisdiction also exists with a state government." *Id.* (citing *Heath v. Alabama*, 474 U.S. 82, 88 (1985)). As such, the Court had jurisdiction over the offense for which Defendant was convicted. Defendant's Motion is thus DENIED.

IT IS SO ORDERED.

| | : | |
|---|---|---|
| | Initials of Deputy Clerk | vpc |